

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
: NOT FOR ELECTRONIC
UNITED STATES, : OR PRINT PUBLICATION
:
-against- : OPINION & ORDER
:
JAMES COFFIN, : 09-CR-481 (ARR)
:
Defendant. :
:
-------------------------------------------------------------- X
-------------------------------------------------------------- X
:
UNITED STATES, :
:
-against- : 09-CR-453 (ARR)
:
LEONARD DIROMA, :
:
Defendant. :
:
-------------------------------------------------------------- X
-------------------------------------------------------------- X
:
UNITED STATES, :
:
-against- : 09-CR-481 (ARR)
:
THOMAS FETTER, :
:
Defendant. :
:
-------------------------------------------------------------- X
-------------------------------------------------------------- X
:
UNITED STATES, :
:
-against- : 09-CR-761 (ARR)
:
JOSEPH LIOI, :
:
Defendant. :
:
-------------------------------------------------------------- X

1

```
------------------------------------------------------------    X
                                                                :
UNITED STATES,                                                  :
                                                                :
        -against-                                               :   09-CR-459 (ARR)
                                                                :
JACK PALAZZO,                                                   :
                                                                :
                Defendant.                                      :
                                                                :
------------------------------------------------------------    X
------------------------------------------------------------    X
                                                                :
UNITED STATES,                                                  :
                                                                :
        -against-                                               :   09-CR-452 (ARR)
                                                                :
WILLIAM SHANNON,                                                :
                                                                :
                Defendant.                                      :
                                                                :
------------------------------------------------------------    X
------------------------------------------------------------    X
                                                                :
UNITED STATES,                                                  :
                                                                :
        -against-                                               :   09-CR-479 (ARR)
                                                                :
RICHARD ZEBLER,                                                 :
                                                                :
                Defendant.                                      :
                                                                :
------------------------------------------------------------    X
```

ROSS, United States District Judge:

Defendants in the above-captioned cases, all of whom are former employees of Consolidated Edison Co. of New York, Inc. ("Con Ed" or the "Company"), have been convicted of crimes related to multiple schemes to defraud Con Ed in exchange for bribes.[1] Con Ed has requested that the court order each defendant, as part of his sentence, to pay restitution to the Company in the amount of the total compensation and benefits paid to him during the period in which he participated in a scheme or schemes to defraud Con Ed. In the alternative, Con Ed has asked the court to order each defendant to pay restitution in the amount of the compensation and benefits that he received in connection with his dishonest work, and the Company has proposed a methodology for calculating the appropriate amount of restitution for each defendant. The government has joined in Con Ed's latter request and has endorsed its methodology for calculating the appropriate restitution amount. Con Ed also seeks prejudgment interest from the date of each defendant's arrest on any restitution ordered by the court. Defendants have raised numerous arguments in opposition to the motions by Con Ed and the government for restitution of their compensation and benefits, including objections to the methodology used by Con Ed to calculate the appropriate restitution amount. For the reasons that follow, the court rejects Con Ed's methodology, but it awards Con Ed restitution of a percentage of the total compensation and benefits paid to each defendant during the period in which he was disloyal.

## **DISCUSSION**

I. <u>Con Ed is Entitled to Restitution under the Mandatory Victims Restitution Act</u>

The Mandatory Victims Restitution Act of 1996 (the "MVRA" or the "Act"), 18 U.S.C. § 3663A, requires a defendant convicted of "an offense against property under [Title 18 of the

---

[1] The court presumes familiarity with the background of these cases.

3

United States Code] . . . including any offense committed by fraud or deceit" to pay restitution to the "victim" of the crime. § 3663A(a)(1), (c)(1)(A)(ii). To determine whether an offense was "committed by fraud or deceit," the court examines "the way in which a particular offense was carried out rather than its elements." United States v. Donaghy, 570 F.Supp.2d 411, 421 (E.D.N.Y. 2008). The Act defines a "victim" of an offense as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . ." § 3663A(a)(2).

Here, while employed for Con Ed, each defendant was involved in at least one scheme to defraud the Company in which he accepted bribes in exchange for approving false expenditures on invoices to Con Ed. For this conduct, each defendant was convicted of a crime or crimes under Title 18 of the United States Code. As a result of each defendant's actions, Con Ed was directly harmed in numerous respects, including by being deprived of the honest and faithful services of its employees. Under these circumstances, the court concludes that each defendant was convicted of an offense "committed by fraud or deceit" and that Con Ed was the "victim" of such offense. Thus, Con Ed is entitled to restitution under the MVRA.

II. The Appropriate Amount of Restitution

"The basic principles of restitution are well-settled." Donaghy, 570 F.Supp.2d at 423. "The government bears the burden of proving the amount of loss sustained by the victim by a preponderance of the evidence." Id. (citing 18 U.S.C. § 3664(e)). "A restitution award need only be a reasonable estimate of the victim's actual losses." Id. (citing United States v. Germosen, 139 F.3d 120, 129-130 (2d Cir. 1998)) (citations omitted); see id. at 429 (awarding restitution in the amount of 23.5% of defendant's yearly salary); United States v. Leahy, 464 F.3d 773, 794 (7th Cir. 2006) (where loss "inherently difficult to quantify," upholding district

court's determination that defendant owed 10% of contract value); United States v. Sapoznik, 161 F.3d 1117, 1121 (7th Cir. 1998) (upholding district court's estimate that defendant owed 25% of salary where no more precise number could be easily determined). "Although estimates are appropriate, a court must base its restitution award on more than mere speculation about a victim's actual losses." Donaghy, 570 F.Supp.2d at 423 (citing United States v. Catoggio, 326 F.3d 323, 329 (2d Cir. 2003)). "Uncertainties with respect to the amount in question should be resolved in favor of the victim in accord with the statutory focus on making the victim whole." Id. (citing United States v. Boccagna, 450 F.3d 107, 119 (2d Cir. 2006)).

Section 3663A(b)(1) "provides that, in the case of a crime which results in loss or damage to property, the victim is entitled to either the return of the property, or, if the return of the property is impractical, the value of the property." Id. at 428 (citations omitted). "Court's have established that subsection (b)(1)'s conception of 'loss' encompasses only actual losses directly resulting from the offense of conviction." Id. (citations omitted). "Accordingly, what the common law knows as 'consequential damages' are not recoverable." Id. (citations omitted). Thus, "[t]he proper amount of restitution is the amount wrongfully taken by the defendant." Sapoznik, 161 F.3d at 1121 (7th Cir. 1998) (citations omitted). Where a defendant is a former employee who was compensated under the false pretense that he was rendering honest and faithful services to his employer, the appropriate measure of "loss" is the difference in the value of the services that he rendered and the value of the services that an honest employee would have rendered. See id.; Donaghy, 570 F.Supp.2d at 429.

Contrary to Con Ed's assertion, under the foregoing principles, Con Ed is not entitled to restitution in the amount of total compensation and benefits paid to each defendant during the period in which he participated in a scheme or schemes to defraud Con Ed. See Sapoznik, 161 F.3d at 1121. Con Ed, however, is entitled to a percentage of the total compensation and benefits paid to each defendant during that period, that is, the percentage representing the

5

difference between the value of the services rendered by each defendant and an honest employee. That percentage is the actual "loss" suffered by Con Ed. The court therefore turns to the appropriate calculation of that loss with respect to each defendant.[2]

  *A.* *Con Ed's Proposed Methodology*

Both Con Ed and the government acknowledge that the amount of the loss that Con Ed suffered with respect to each defendant is inherently difficult to measure and cannot be calculated with any certainty; nonetheless, Con Ed has suggested a methodology for the court to employ in order to determine a reasonable estimate of that loss, and the government has endorsed that methodology. Con Ed suggests that the court should measure the percentage of time that each defendant devoted to the projects on which he accepted bribes – the Felix projects – during the period in which he was involved in a scheme or schemes to defraud Con Ed. Con Ed concedes that there is no way to directly measure the percentage of time that each defendant spent on the Felix projects. But it asserts that the percentage may be indirectly approximated. According to Con Ed, dividing the amount of money approved by a defendant on the Felix projects during his period of disloyalty by the amount of money approved by that defendant on all projects during that same period yields a percentage estimate of the amount of time each defendant devoted to the Felix projects. Con Ed argues that the court should award it that percentage of each defendant's total income from his period of disloyalty.[3]

---

[2] In this Order, the court only addresses Con Ed's restitution claim with respect to defendants' compensation and benefits. It does not address any other loss for which Con Ed may be entitled to restitution. The court rejects defendants' arguments that other payments already made to Con Ed, such as the settlement payments made by Felix Associates, LLC, have relieved defendants of their obligation to pay restitution of a percentage of their compensation and benefits. Those other payments did not include restitution of the compensation and benefits paid to defendants for their disloyal services.

[3] In its May 25, 2011 letter to the court, Con Ed explains its methodology with the following example:

> [B]etween June 2004 and September 2008, James Coffin approved $17,530,611 in charges to the Manhattan Public Improvement Project; during that same time, he approved $72,466,042 in charges related to all construction projects he oversaw. Thus, 24.20% of all expenses James Coffin approved during his period of disloyalty related to the project for which he received bribe payments from Felix. This Court should therefore estimate that James Coffin spent 24.20% of his effort during his period of disloyalty on the Manhattan Public Improvement Project and consequently order James Coffin to make restitution to Con Edison of 24.20% of the compensation he was paid during that time, or $160,668.79.

May 25, 2011 Letter to the Court on behalf of Con Ed, 8 (internal citations omitted).

The court believes that there are several flaws in this proposed methodology which render it unusable. First, to determine the Company's losses, Con Ed's methodology relies solely on the percentage of time spent by each defendant working on the Felix projects. The court, however, views that percentage as an inaccurate measure of the difference between the value of the services rendered by each defendant and an honest employee. Based on the amount of time each defendant spent working on the Felix projects, Con Ed seeks significant percentages of income from minor participants in the schemes to defraud the Company, such as Joseph Lioi (57.70%) and Leonard DiRoma (83.79%), while it seeks smaller percentages of income from much more culpable individuals, such as Rocco Fassacesia (30.96%) and William Shannon (39.56%). In other words, under Con Ed's methodology, there is a greater difference between the value of the services rendered by an honest employee and a minor participant in the schemes than there is between the value of the services rendered by an honest employee and a major participant in the schemes. The court rejects that contention and views a methodology that yields such results as incompatible with the applicable law.

Second, even if the court accepted time spent working on the Felix projects as a means by which to measure the Company's losses, Con Ed's methodology would grossly overestimate the restitution to which it is entitled. As Con Ed acknowledges, its methodology assumes that the work performed on the Felix projects by defendants lacked any value whatsoever to Con Ed and thus Con Ed is entitled to restitution equivalent to the total income defendants received for time spent working on those projects. But neither the government nor Con Ed has offered any evidence proving that defendants failed to perform legitimate work on the Felix projects during their period of disloyalty, and the court seriously doubts that defendants' work on those projects lacked any value whatsoever to Con Ed. Indeed, it seems that most of the time that defendants spent working on the Felix projects would have been valuable to Con Ed, and only a fraction of that time would have been a loss to the Company. Thus, if the court utilized time spent on the

Felix projects as a measure of loss, at most, Con Ed would be entitled to a fraction of the income its seeks from each defendant under its methodology.

Lastly, Con Ed's selective revision of the percentages that certain individuals are required to pay under its methodology undermines the methodology's reliability. For instance, according to Con Ed's methodology, Thomas Fetter spent 0% of his time on the Felix projects and Anthony Villano spent 5.53% of his time on those projects; thus, they should be required to pay commensurate portions of their compensation and benefits from their period of disloyalty. But Con Ed argues that the court should disregard its methodology with respect to these two individuals, because its methodology would result in Fetter and Villano "unjustifiably evading [their] fair share of restitution for compensation." Instead, apparently based upon its view of their culpability, Con Ed argues that both of these individuals should pay approximately 25% of their income from the period of their disloyalty. In stark contrast, though, Con Ed makes no attempt to adjust the percentages yielded by its methodology when those percentages are much higher than would be expected for a given defendant, like Joseph Lioi and Leonard DiRoma. This disparity in treatment renders Con Ed's methodology unreliable.

Accordingly, because of the reasons discussed above, the court rejects the methodology proposed by Con Ed and endorsed by the government for estimating Con Ed's losses.

B.   *The Amount of Restitution Owed by Each Defendant*

Although the court rejects Con Ed's proposed methodology, it concludes that the government has submitted sufficient evidence to establish a reasonable estimate of the restitution each defendant owes to Con Ed by a preponderance of the evidence. The amount of restitution that each defendant owes is inherently difficult to ascertain. As stated above, to determine Con Ed's actual losses, the court must quantify the difference between the value of the services rendered by each defendant and the value of the services rendered by an honest employee. In making a reasonable estimate of that figure, the court has considered the information presented by the government relevant to the value of the services rendered by each defendant to Con Ed, specifically: (i) the amount of bribes he received; (ii) the amount of intended loss his scheme(s) created; (iii) the length of time his scheme(s) lasted; (iv) his level of seniority at Con Ed; and (v) his level of participation in the scheme(s) relative to the other defendants. After weighing those considerations, the court concludes that each defendant must pay Con Ed a percentage of the income that he earned during his period of disloyalty to the Company.

The amount of restitution that each defendant must pay is set forth in the table below. The court has adopted Con Ed's calculations of the total amount of compensation and benefits that each defendant received during his period of disloyalty. To determine the amount of restitution, the court has applied its percentage estimate of Con Ed's loss for each defendant to the total compensation and benefits that each defendant received during his period of disloyalty.

| Defendant | Total Compensation & Benefits During Period of Disloyalty | % Estimate of Con Ed's Loss | Restitution Owed to Con Ed |
|---|---:|---:|---:|
| Coffin, James | $664,003.26 | 20% | $132,800.65 |
| DiRoma, Leonard | $66,773.97 | 10% | $6,677.40 |
| Fetter, Thomas | $563,542.96 | 20% | $112,708.59 |
| Lioi, Joseph | $195,821.88 | 10% | $19,582.19 |
| Palazzo, Jack | $792,226.33 | 20% | $158,445.27 |
| Shannon, William | $754,877.16 | 25% | $188,719.29 |
| Zebler, Richard | $344,405.88 | 20% | $68,881.18 |

Because defendants have failed to demonstrate that Con Ed would not have put the money it lost as a result of defendants' disloyal service to "productive use," the court also awards Con Ed pre-judgment interest on the amounts set forth in the table above. See United States v. Qurashi, 634 F.3d 699, 704 (2d Cir. 2011). That interest shall be calculated from the date of each defendant's arrest.[4]

III. Payment Schedule

The court is required by statute to establish a payment schedule for the restitution owed by each defendant to be paid to Con Ed. § 3664(f)(2). After considering the factors set forth in § 3664(f)(2), including the financial resources and projected earnings of each defendant, the court has determined that each defendant shall pay Con Ed a percentage of their positive net monthly income. Specifically, Coffin shall pay Con Ed 20% of his positive net monthly income; the remaining defendants shall pay Con Ed 15% of their positive net monthly income. Each defendant shall notify the court and the Attorney General of "any material change in [his] economic circumstances that might affect [his] ability to pay restitution." § 3664(k).

---

[4] The court rejects defendants' argument that Con Ed's civil suit against them in New York state court precludes this court from awarding restitution. See § 3664(f)(1)(B) ("In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution"); §3664(j)(2) ("Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in . . . any State civil proceeding . . . .").

The court also rejects defendants' argument that the court should consider their economic circumstances in determining that amount of restitution owed to Con Ed. See § 3664(f)(1)(A) ("[T]he court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.").

# CONCLUSION

For the foregoing reasons, the court rejects the methodology used by Con Ed and endorsed by the government to calculate the appropriate amount of restitution. The court, however, concludes that the government has submitted sufficient evidence to establish a reasonable estimate of the restitution owed by each defendant to Con Ed by a preponderance of the evidence. The court thus awards Con Ed restitution of a portion of the total compensation and benefits paid to each defendant during the period in which he participated in a scheme or schemes to defraud Con Ed. Defendants shall pay restitution in the amounts and in accordance with the schedule set forth in this Order.

SO ORDERED.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated: October 13, 2011
Brooklyn, New York